UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COWTOWN FOUNDATION, INC., *et. al*, | : | |
| | : | |
| *Plaintiffs*, | : | Civil Action No.:   22-1258 (RC) |
| | : | |
| v. | : | Re Document Nos.:   122, 123, 132, 133 |
| | : | |
| U.S. DEPARTMENT OF AGRICULTURE, | : | |
| *et. al*, | : | |
| | : | |
| *Defendants.* | : | |

**MEMORANDUM OPINION**

DENYING PLAINTIFFS' MOTION TO ALTER JUDGMENT; DENYING PLAINTIFFS' MOTION FOR
LEAVE TO FILE AN AMENDED COMPLAINT; DENYING ASSOCIATION DEFENDANTS' MOTION
FOR ATTORNEY'S FEES

**I.  INTRODUCTION**

Plaintiffs Cowtown Foundation, Inc. ("Cowtown") and Andrew Douglas on behalf of the Estate of Ed and Odell Douglas ("Douglas Estate") brought this action for declaratory and injunctive relief based on alleged discrimination by the U.S. Department of Agriculture ("USDA") in administering financial assistance programs and a consent decree.  Plaintiffs' complaint made seven claims against USDA and Thomas J. Vilsack, in his role as Secretary of Agriculture (collectively, "Federal Defendants") for violations of the Equal Protection Clause.  It also made one claim for violation of the Equal Protection Clause against the Independent Community Bankers of America, the American Bankers Association, and the National Rural Lenders Association (collectively, "Association Defendants").  The Court granted both Federal Defendants' and Association Defendants' motions to dismiss for lack of jurisdiction.  *See Cowtown Found., Inc. v. U.S. Dep't of Agric.*, No. 22-cv-1258, 2022 WL 16571189, at *1

(D.D.C. Nov. 1, 2022). Plaintiffs now bring a motion pursuant to Fed. R. Civ. P. 59(e) and 60(b) to alter or amend that judgment. For the reasons set forth below, Plaintiffs' motion is denied.

## II. BACKGROUND

The Court presumes familiarity with the background laid out in its prior opinion. *See id.* at *1–2. In that opinion, the Court held that Association Defendants are not state actors and therefore that the Court does not have subject-matter jurisdiction over Plaintiffs' claims against them under the Equal Protection Clause. *See id.* at *3. The Court further found that, even if it had subject-matter jurisdiction over the Association Defendants, Plaintiffs failed to state a claim that Association Defendants violated the Equal Protection Clause. *Id.* at *4. As to Plaintiffs' claims against Federal Defendants, the Court found that Plaintiffs lacked Article III standing because they failed to adequately allege that they suffered a concrete and particularized injury caused by Federal Defendants. *Id.* at *5–7.

## III. LEGAL FRAMEWORK

### A. Rule 59(e)

Under Rule 59(e) of the Federal Rules of Civil Procedure, a party may file "[a] motion to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).[1] Motions under Rule 59(e) are "disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Off. of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001); *see Schoenman v. FBI*, 857 F. Supp. 2d 76, 80 (D.D.C. 2012). Reconsideration under Rule 59(e) "should be used sparingly," *Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 17 (D.C. Cir. 2015) (quoting 11 Charles Alan Wright & Arthur R. Miller,

---

[1] The twenty-eight-day filing deadline is satisfied here.

*Federal Practice and Procedure* § 2810.1 (3d ed. 2012)), and only granted in "rare circumstances," *Martin v. Omni Hotels Mgmt. Corp.*, 321 F.R.D. 35, 38 (D.D.C. 2017).

Rule 59(e) does not permit the moving party to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)); *see also Niedermeier*, 153 F. Supp. 2d at 28; *Turner v. U.S. Capitol Police*, No. 12-45, 2014 WL 169871, at *1 (D.D.C. Jan. 16, 2014). This is because "Rule 59(e) motions are aimed at '*reconsideration*, not initial consideration.'" *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (emphasis added) (quoting *District of Columbia v. Doe*, 611 F.3d 888, 896 (D.C. Cir. 2010)); *see also Doe 1 v. Buratai*, No. 17-cv-1033, 2018 WL 5650015, at *3 (D.D.C. Oct. 31, 2018) ("[A] Rule 59(e) motion is not the appropriate vehicle for relitigating questions the Court has already decided."); *Patton Boggs LLP v. Chevron* Corp., 683 F.3d 397, 403 (D.C. Cir. 2012) ("Rule 59(e) is not a vehicle to present a new legal theory that was available prior to judgment[.]").

District courts have "considerable discretion in ruling on a Rule 59(e) motion." *Lair v. Dep't of Treasury*, No. Civ.A. 03-827, 2005 WL 1330722, at *1 (D.D.C. June 3, 2005) (quoting *Rann v. Chao*, 209 F. Supp. 2d 75, 78 (D.D.C. 2002)). A Rule 59 motion may be granted only "(1) if there is an 'intervening change of controlling law'; (2) if new evidence becomes available; or (3) if the judgment should be amended in order to 'correct a clear error or prevent manifest injustice.'" *Leidos*, 881 F. 3d at 217 (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). And in the Rule 59(e) context, "clear error" is a "very exacting standard," *Bond v. U.S. Dep't of Justice*, 286 F.R.D. 16, 22 (D.D.C. 2012) (citation omitted), "tantamount to a requirement that the judgment be 'dead wrong,'" *McNeil v. Brown*, No. 17-cv-2602, 2019 WL

1003583, at *2 (D.D.C. Feb. 28, 2019) (quoting *Lardner v. FBI*, 875 F. Supp. 2d 49, 53 (D.D.C. 2012)). Similarly, "manifest injustice" under Rule 59(e) exists only if "a result . . . is fundamentally unfair in light of governing law." *Slate v. Am. Broad. Cos.*, 12 F. Supp. 3d 30, 35–36 (D.D.C. 2013). The party seeking reconsideration bears the burden of establishing that relief should be granted under Rule 59(e). *See Elec. Priv. Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 226 (D.D.C. 2011).

### B. Rule 60(b)

Under Rule 60(b), parties may seek relief from a final judgment "within a reasonable time" following the entry of the judgment for any of six enumerated reasons. Fed. R. Civ. P. 60(b), (c); *Oladokun v. Corr. Treatment Facility*, 309 F.R.D. 94, 97 (D.D.C. 2015). The reasons include, as relevant here, "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," *id.* 60(b)(2), and "any other reason that justifies relief," *id.* 60(b)(6). Rule 60(b) therefore "preserve[s] 'the delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts.'" *Smalls v. United States*, 471 F.3d 186, 191 (D.C. Cir. 2006) (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)). The Rule "cannot . . . be employed simply to rescue a litigant from strategic choices that later turn out to be improvident." *Id.*

"The D.C. Circuit allows Rule 60(b) motions to challenge alleged legal errors only in the most extreme situations," such as where "the district court based its legal reasoning on case law that it had failed to realize had recently been overturned." *Ward v. Kennard*, 200 F.R.D. 137, 139 (D.D.C. 2001) (citing *D.C. Fed'n of Civic Ass'ns v. Volpe*, 520 F.2d 451, 451–53 (D.C. Cir.

1975)). District courts enjoy "a large measure of discretion" in deciding Rule 60(b) motions. *Randall v. Merrill Lynch*, 820 F.2d 1317, 1320 (D.C. Cir. 1987); *see also* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2857 (3d ed. 2012). "The party seeking relief under Rule 60(b) bears the burden of showing that he or she is entitled to relief." *Oladokun*, 309 F.R.D. at 97; *see also Green v. AFL-CIO*, 287 F.R.D. 107, 109 (D.D.C. 2012); *Jarvis v. Parker*, 13 F. Supp. 3d 74, 77 (D.D.C. 2014).

## IV. ANALYSIS

As an initial matter, Plaintiffs make no argument challenging the Court's judgment as to Association Defendants. Indeed, Association Defendants are not mentioned at all in Plaintiffs' motion. Therefore, to the extent Plaintiffs intended to make any motion as to Association Defendants under either Rule 59(e) or Rule 60(b), they did not meet their burden.

As to Federal Defendants, Plaintiffs argue that relief under Rule 59(e) or Rule 60(b) is appropriate based on overlapping arguments that (1) the Court misapplied the rules of standing in its earlier opinion, *see* Pls.' Mot. Alter J. at 2, ECF No. 122; and (2) Plaintiffs have standing to bring a conspiracy claim under the District of Columbia Human Right Act (DCHRA), *see id.* at 3. Although Plaintiffs do not clearly separate out their arguments under Rule 59(e) and Rule 60(b), the Court nonetheless reviews their allegations under both sets of standards.

### A. Rule 59(e)

#### 1. No Clear Error

Plaintiffs argue that "this Court's ruling [on November 1, 2022,] constituted clear error." *Id.* at 2. It bears repeating that, in the Rule 59(e) context, "clear error" is "a very exacting standard," *Bond*, 286 F.R.D. at 22 (quoting *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414, 422 (D.D.C. 2005)), only met when the judgment is "dead wrong" *Lardner*, 875 F. Supp. 2d

5

at 53 (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)).

In its previous opinion, the Court found that "Plaintiffs lack standing because they have failed to adequately allege that they suffered a concrete and particularized injury caused by Federal Defendants." *Cowtown*, 2022 WL 16571189, at *5. Specifically, the Court first explained that Plaintiff the Douglas Estate "is mentioned in just one of the 145 paragraphs in the complaint," which included "no factual allegations whatsoever . . . indicating that Mr. Douglas or the decedents whose estate he represents are affiliated with Cowtown or that the Douglas Estate was harmed by Defendants." *Id.* Turning to Plaintiff Cowtown, the Court explained, with respect to organizational standing, that the Complaint "makes no allegation that Cowtown was harmed as an organization by Defendants." *Id.* at *6. With respect to associational standing, the Court found that "Cowtown fails to demonstrate that the interest it seeks to protect are germane to its purpose" and also "fails to show that any member of its organization has standing to sue" because "the complaint fails to identify or allege facts about any specific members at all." *Id.*

Nothing in Plaintiff's motion reveals the Court's findings to be erroneous. Plaintiffs offer no evidence for their conclusory argument that the Court's holding was a "clear error." Rather than focus their arguments on the Court's reasoning, Plaintiffs make disconnected assertions of fact and law without explaining how they should change the standing analysis. *See McNeil*, 2019 WL 1003583, at *4 (rejecting plaintiffs' motion for reconsideration because plaintiffs "fail[ed] to clearly identify why the Court's decision on standing was incorrect"). For example, in the text under their first heading—labeled, "The Court Misapplied Standing For Plaintiffs Cowtown and Douglas"—Plaintiffs mention standing only once, in a parenthetical citation from a case that simply repeats the general elements of standing without any argument that the Court

misapplied these elements.  *See* Pls.' Mot. Alter J. at 2–3.  Plaintiffs therefore fail to meet their burden to show that the Court's earlier decision was "dead wrong" on standing.

### 2.  No Intervening Change in Controlling Law

Plaintiffs make no explicit argument that there has been an intervening change of controlling law since the Court's prior opinion issued.[2]  However, Plaintiffs offer an incomplete citation to a case they refer to as "*Lea v. Vilsack*, 21-cv-468, MDTN."  Pls.' Mot. Alter J. at 3.  To the extent that this citation implies an argument that there has been an intervening change of law, it fails at the threshold because the cited decision "predate[s] this Court's opinion."  *See Habliston v. FINRA Disp. Resol., Inc.*, 251 F. Supp. 3d 240, 244 (D.D.C. 2017).  As noted above, Rule 59(e) does not entitle parties "to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Niedermeier*, 153 F. Supp. 2d at 28 (citation omitted).  By Plaintiffs' own admission, the cited order was issued September 30, 2022—more than a month before the Court issued its opinion.  *See* Pl.'s Mot. Alter J. at 3.  Therefore, the decision in *Lea v. Vilsack* is not an intervening change in controlling law.[3]

Plaintiffs also seek reconsideration on the basis that they have "Standing to Bring a Conspiracy Claim Under the DC Human Right Act (DCHRA)."  Pls.' Mot. Alter J. at 3.

---

[2] Plaintiffs also make no claim, nor provide any basis to infer an argument, that "new evidence [has] become[] available" that would warrant reconsideration under Rule 59(e).  *See Leidos*, 881 F.3d at 217.  Accordingly, the Court has no basis to alter its prior judgment on this ground.

[3] Even if the order in *Lea v. Vilsack* did not predate the Court's opinion, it would not support Plaintiffs' claim.  Remarkably, in the absence of support from the text of the order, Plaintiffs' counsel appears to have included in their motion a false quotation that does not appear in the order.  *Compare* Pl.'s Mot. Alter J. at 3 ("On September 30, 2022, the *Lea* Court held "as admitted to by the Federal Defendants, the affected farmers (Black) are entitled to an administrative hearing under [the American Rescue Plan Act].") *with* Order at 2, Case No. 3:21-cv-0468 (M.D. Tenn. Sept. 30, 2022), ECF No. 180 (finding that the plaintiff "ha[d] not established any legal basis for a hearing under the American Rescue Plan Act . . . or the USDA Food Safety and Inspection Services . . . investigation.").

7

However, every case that Plaintiffs cite predates the Court's earlier ruling, and indeed Plaintiffs' complaint, by many years.[4] It is well established that "Rule 59(e) is not a vehicle to present a new legal theory that was available prior to judgment." *Patton Boggs*, 683 F.3d at 403; *see also Taylor v. U.S. Dep't of Just.*, 268 F. Supp. 2d 34, 36 (D.D.C. 2003); *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993)).

**B. Rule 60(b)**

As noted above, Rule 60(b) empowers a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding" on one of six enumerated grounds. Fed. R. Civ. P. 60(b). Plaintiffs do not specify which of these grounds they rely on in seeking their relief from judgment. Given Plaintiffs' heavy burden in this context, this failure itself may preclude relief. Nevertheless, the Court liberally construes Plaintiffs' scattered allegations as arguments under Rule 60(b)(2), (b)(5), and (b)(6), but finds that Plaintiffs are not entitled to relief on any of these grounds.

1. Rule 60(b)(2)

Under Rule 60(b)(2), a court may relieve a party of a final judgment on the basis of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). To obtain relief under Rule 60(b)(2), the moving party must demonstrate that

> (1) the newly discovered evidence is of facts that existed at the time of the trial or merits proceeding; (2) the party seeking relief was "justifiably ignorant of the evidence despite due diligence"; (3) the evidence is admissible and is "of such importance that it probably would have changed the outcome"; and (4) the evidence is not merely cumulative or impeaching.

---

[4] *See* Pls. Mot. Alter J. at 3–5 (citing *Warth v. Seldin*, 422 U.S. 490 (1975); *Dean v. District of Columbia*, 653 A.2d 307 (D.C. 1995); *Evans v. United States*, 682 A.2d 644 (D.C. 1996); *Trafficante v. Metropolitan Life Ins. Co.*, 409 U.S. 205 (1972); and *Katzenbach v. McClung*, 379 U.S. 294 (1964)).

*Almerfedi v. Obama*, 904 F. Supp. 2d 1, 3 (D.D.C. 2012) (quoting *Duckworth v. United States*, 808 F. Supp. 2d 210, 216 (D.D.C. 2011)). As the moving party, Plaintiffs have the burden of proving that "the proffered evidence is 'of such a material and controlling nature as will probably change the outcome.'" *Epps v. Howes*, 573 F. Supp. 2d 180, 185 (D.D.C. 2008) (quoting *In re Korean Air Lines*, 156 F.R.D. 18, 22 (D.D.C. 1994)).

Plaintiffs claim that they are somehow entitled to relief because injunctions related to USDA debt relief payments to farmers that were purportedly issued in a different suit filed in 2021 have now been lifted. *See* Pls.' Mot. Alter J. at 2. However, Plaintiffs do not indicate when these injunctions were lifted or offer any explanation as to why the lifting of these injunctions would confer standing on Plaintiffs Cowtown or the Douglas Estate in this case. This falls far short of meeting the heavy burden to proffer new evidence that probably would have changed the outcome.

2. Rule 60(b)(5)

Rule 60(b)(5) provides for relief where, in relevant part, a final judgment "has been satisfied, released, or discharged" or "is based on an earlier judgment that has been reversed or vacated." Fed. R. Civ. P. 60(b)(5). The moving party "bears the burden of establishing that changed circumstances warrant relief." *Horne v. Flores*, 557 U.S. 433, 447 (2009).

As noted above, Plaintiffs make vague insinuations that they are entitled to relief because injunctions from a 2021 case concerning USDA debt relief payments were lifted. *See* Pls.' Mot. Alter J. at 2. But they make no claim that the Court's prior judgment is "based on an earlier judgment that has been reversed or vacated" within the meaning of Rule 60(b)(5) or offer evidence that the authority relied on by the Court was unsound or has since been overruled. There is no basis for relief under Rule 60(b)(5).

3. Rule 60(b)(6)

Finally, Rule 60(b)(6) is a catch-all provision that empowers a court to grant relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief may be granted under Rule 60(b)(6) only if the motion for relief is "not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)," *Salazar ex rel. Salazar v. District of Columbia*, 633 F.3d 1110, 1116 (D.C. Cir. 2011) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988)), and "should only be granted in 'extraordinary circumstances,'" *Riley v. BMO Harris Bank, N.A.*, 115 F. Supp. 3d 87, 94 (D.D.C. 2015) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). Extraordinary circumstances exist "[w]hen a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust." *Salazar*, 633 F.3d at 1121 (citing *Good Luck Nursing Home*, 636 F.2d at 577). This is a "high bar." *United States v. Philip Morris USA Inc.*, 840 F.3d 844, 852 (D.C. Cir. 2016).

The only "previously undisclosed fact" to which Plaintiffs cite is the alleged lifting of the injunctions in the 2021 case discussed above. *See* Pls.' Mot. Alter J. at 2. However, as also noted above, Plaintiffs say nothing to establish a connection between the alleged lifting of those injunctions and the Court's jurisdictional analysis in its opinion dismissing Plaintiffs' claims here. Plaintiffs thus fail to show that they are entitled to relief under Rule 60(b)(6).

### B. Amended Complaint

In addition to their motion under Rules 59(e) and 60(b), Plaintiffs seek leave to file an amended complaint. Plaintiffs argue that "it is settled that 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" Pls.' Mot. Alter J. at 3(quoting *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001)). It is true that, under Fed. R. Civ. P.

10

15, leave to amend should be "freely give[n]" when "justice so requires." Fed. R. Civ. P. 15(a)(2). However, "it is well settled in the D.C. Circuit—and in virtually every circuit to have considered the question—that 'once a final judgment has been entered, a court cannot permit an amendment unless the plaintiff first satisf[ies] Rule 59(e)'s more stringent standard for setting aside that judgment.'" *City of Dover v. U.S. Env't Prot. Agency*, 40 F. Supp. 3d 1, 4 (D.D.C. 2013) (quoting *Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C. Cir. 2004)); *see Osborn v. Visa Inc.*, 797 F.3d 1057, 1062 (D.C. Cir. 2015) ("As a technical matter, the District Court lack[s] authority to rule on the merits of [a] 15(a) motion [when] it [does] not modify its final judgment."). This requirement applies when a court dismisses for lack of subject matter jurisdiction, *see Odhiambo v. Republic of Kenya*, 947 F. Supp. 2d 30, 40 (D.D.C. 2013), and specifically for lack of standing, *see Ellis v. Comm'r*, No. 14-0471, 2014 WL 12943158, at *7 (D.D.C. Dec. 3, 2014), *aff'd*, 622 F. App'x 2, 3 (D.C. Cir. 2015). Accordingly, as Plaintiffs have not met their burden under Rule 59(e), leave to file an amended complaint is denied.[5]

### C. Association Defendants' Motion for Attorney's Fees

Association Defendants argue that "Plaintiffs' defiance of the Federal Rules of Civil Procedure and judicial economy warrants attorneys' fees." Ass'n Defs.' Opp'n to Pls.' Mot. Alter J. ("Ass'n Defs.' Opp'n") at 2, ECF No. 126. Association Defendants cite to 28 U.S.C. § 1927. *Id.* Under § 1927,

> a court 'may,' but need not, tax (1) an "attorney or other person admitted to conduct cases" in federal court (2) who "multiplies the proceedings . . . unreasonably and vexatiously" (3) with "the excess costs, expenses and attorneys' fees" (4) "reasonably incurred" by an opposing party "because of such conduct."

---

[5] Federal Defendants also oppose Plaintiffs' motions on the basis of Local Civil Rule 7(m), which requires plaintiffs to discuss non-dispositive motions with opposing counsel before filing. *See* Fed. Defs.' Mem. Opp'n to Pls.' Mot. Alter J. at 2 n.1, ECF No. 127. The Court does not reach this alternative argument.

11

*Alexander v. FBI*, 541 F. Supp. 2d 274, 302 (D.D.C. 2008) (quoting 28 U.S.C. § 1927).[6]

The D.C. Circuit "has not yet established whether the standard for imposition of sanctions under [§ 1927] should be 'recklessness' or the more stringent 'bad faith.'" *LaPrade v. Kidder Peabody & Co.*, 146 F.3d 899, 905 (D.C. Cir. 1998) (citing *United States v. Wallace*, 964 F.2d 1214, 1218–19 (D.C. Cir. 1992)). However, even the lower standard of recklessness is a "high threshold . . . and in general requires deliberate action in the face of a known risk, the likelihood or impact of which the actor inexcusably underestimates or ignores." *Wallace*, 964 F.2d at 1219–20. Regardless of whether the applicable standard is bad faith or recklessness, sanctions under § 1927 demand clear and convincing evidence, *see Alexander*, 541 F. Supp. 2d at 303, and should be granted "only in instances of a serious and studied disregard for the orderly process of justice," *Huthnance v. District of Columbia*, 793 F. Supp. 2d 177, 181 (D.D.C. 2011) (internal quotations omitted).

Without approving of Plaintiffs' litigation conduct,[7] the Court finds that Association Defendants have not pled enough to meet this high bar. In a few short sentences, Association

---

[6] Association Defendants "request that the Court award them attorneys' fees against *Plaintiffs*." *See* Ass'n Defs.' Opp'n at 3 (emphasis added). An award under § 1927 may be made "only against attorneys or other persons authorized to practice before the courts," *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999), and "does not provide for the imposition of sanctions against parties," *Alexander v. FBI*, 541 F. Supp. 2d 274, 299 (D.D.C. 2008). The Court therefore understands Association Defendants to be requesting relief against Plaintiffs' *attorney*.

[7] For example, it appears that Plaintiffs' counsel included a false quotation from the September 30, 2022 order in *Lea v. Vilsack*. *See supra* note 3. The Court also notes that much of Plaintiffs' motion appears to be substantially copied from briefs and opinions in unrelated matters not involving Plaintiffs' counsel. For example, Plaintiffs' counsel appears to copy, without citation, language in the first-person plural from a decision of a panel of the D.C. Court of Appeals in *Executive Sandwich Shoppe, Inc. v. Carr Realty Corp.*, 749 A.2d 724 (D.C. 2000). *See* Pls.' Mot. Alter J. at 4 ("Although we have noted that the Council did not intend the DCHRA to prohibit every discriminatory practice . . . ."). While the Court does not have a sufficient record to determine whether this conduct is the product of bad faith or merely negligence, the Court admonishes Plaintiffs' counsel that it is unacceptable. The Court reminds Plaintiffs'

Defendants argue that they are entitled to attorneys' fees because "Plaintiffs filed a meritless complaint followed by numerous, similarly flawed motions while the [Association Defendants'] ultimately-granted Motion to Dismiss [ECF No. 9] was pending."  Ass'n Defs.' Opp'n at 3.  Association Defendants further claim that the present motion is "emblematic of Plaintiffs' continued multiplicative filings."  *Id.*

While Plaintiffs' filings tend to be long and disorganized and often lack citation to appropriate authority, "[c]ourts are unanimous that unintended, inadvertent, or even negligent conduct [will not] support an assessment of fees and costs under Section 1927."  *Huthnance*, 793 F. Supp. 2d at 181.  Courts have declined to award fees even where an attorney "mischaracterized the record multiple times and unsuccessfully injected immaterial facts to avoid summary judgment."  *See Herron v. Fannie Mae*, No. 10-943, 2016 WL 10733991, at *1 (D.D.C. June 27, 2016).  In the absence of the necessary clear and convincing evidence to support an award, the Court denies Association Defendants' request for attorney's fees.[8]

### V.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Alter Judgment, ECF No. 122 is **DENIED** and Association Defendants' Motion for Attorney's Fees, ECF No. 126, is **DENIED.**  Plaintiffs' Motion to Amend Complaint, ECF No. 123, Plaintiff's Motion for Declaratory Judgment, ECF No. 132, and Federal Defendants' Motion to Stay Deadlines, ECF No. 133, are

---

counsel that she owes a duty of candor to the Court under D.C. Rule of Professional Conduct 3.3 and Fed. R. Civ. P. 11.

[8] Association Defendants also request "attorneys' fees against Plaintiffs under [the Court's] inherent equitable authority."  Ass'n Defs.' Opp'n at 3.  However, because "the standard for a fee award under § 1927 is at least as broad as the court's authority to issue sanctions for attorney misconduct under its inherent powers," the Court "has no 'need or justification' to invoke its inherent power."  *Animal Welfare Inst. v. Feld Ent., Inc.*, 944 F. Supp. 2d 1, 18 (D.D.C. 2013) (quoting *Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 752 (7th Cir. 2005)).

**DENIED** as moot.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  August 25, 2023                                                                  RUDOLPH CONTRERAS
                                                                                                          United States District Judge